IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-CR-00046-KDB-DSC-1

| | |
|---|---|
| USA | ) |
| | ) |
| v. | )  ORDER |
| | ) |
| JAMES DARRELL SMITH, JR. | ) |
| | ) |

**THIS MATTER** is before the Court upon motion of the defendant *pro se* for compassionate release and appointment of counsel based on the COVID-19 pandemic under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. No. 29). He contends that he is at a heightened risk for death due to COVID-19. His conclusory and unsupported motion will be denied without prejudice.

Section 603(b) of the First Step Act amended § 3582(c)(1)(A), which previously only allowed a court to reduce a term of imprisonment on motion of the Director of Prisons (BOP). Now a court may entertain a motion filed by a defendant: (1) after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on his behalf; or (2) after lapse of 30 days from the receipt of such a request by the warden of his facility, whichever is less.

Here, defendant, claims that he petitioned the warden for compassionate release on December 15, 2020 but attaches no copy of the request. Thus, the Court is unable to verify whether 30 days have passed since the warden received the request. Likewise, the defendant claims to suffer from hypertension, a heart murmur, high cholesterol and obesity but fails to provide BOP medical records to

substantiate his medical claims. Therefore, the Court will not consider the merits of his claim. *United States v. Raia,* 954 F.3d 594, 595 (3d Cir. 2020) (denying motion for compassionate release based on COVID-19 where defendant did not seek relief from BOP).

The defendant asks the Court to appoint him counsel to assist him with his request for a compassionate release. However, "a criminal defendant has no right to counsel beyond his first appeal." *United States v. Legree,* 205 F.3d 724, 730 (4th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 756 (1991). "Though in some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings," the defendant has not presented a showing of such exceptional circumstances in this case. *Legree,* 205 F.3d at 730 (internal citation omitted. The Court finds that the interests of justice do not require appointment of counsel to assist the defendant at this time.

**IT IS, THEREFORE, ORDERED**, that the defendant's *pro se* motion for compassionate release and appointment of counsel (Doc. No. 29), is **DENIED** without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: February 1, 2021

Kenneth D. Bell
United States District Judge